## STATE v. P. A. SUMMERLAND AND OTHERS.[1]

November 10, 1921.

No. 22,406.

**Sale of investment securities without license — indictment demurrable.**
1. Where an indictment alleges but one sale of investment securities without a license as a violation of chapter 429 of the Laws of 1917, as amended by chapter 105 of the Laws of 1919, it thereby brings the charge within the exception contained in the statute and is demurrable.

**Sufficient facts must be pleaded to show defendants were dealers.**
2. Where it appears from an indictment that defendants were not the issuers or owners of the securities alleged to have been sold, sufficient facts must be pleaded to show that they were dealers in such securities.

**Units as defined in indictment, within terms of Blue Sky Law.**
3. Units, as used and defined in the indictment, *held* to be within the term investment securities, as used in the statute. State v. The Gopher Tire & Rubber Co. 146 Minn. 52.

Defendants were indicted by the grand jury of Douglas county charged with the crime of selling securities without a license. Defendants' demurrers to the indictment were overruled, Nye, J., and the questions of law raised by the demurrers certified to the supreme court as important and doubtful. Reversed and remanded.

*Gunderson & Leach* and *Ralph S. Thornton,* for appellants.

*Clifford L. Hilton,* Attorney General, *Montreville J. Brown,* Assistant Attorney General, and *R. G. Anderson,* County Attorney, for respondent.

[1]Reported in 185 N. W. 255.

QUINN, J.

The grand jury of Douglas county returned an indictment against defendants jointly. When called to plead, Schaefer and Urness interposed separate demurrers which were overruled, and upon request the district court certified to this court for decision the question of law so raised. The question is whether the indictment is sufficiently specific to charge a violation of the provisions of chapter 429, p. 635 of the Laws of 1917, as amended by chapter 105, p. 99 of the Laws of 1919.

It is urged in support of the demurrers: (1) That the indictment charges but one sale, and thereby brings the act complained of within the exception contained in the statute; (2) that sufficient facts are not set forth to show that defendants were dealers, nor that the units claimed to have been sold constitute either an investment contract, stock, bond or other security, within the purview of the law.

The charging part of the indictment is as follows:

"The said P. A. Summerland, Henry A. Schaefer and Andrew A. Urness on the fourth day of July, A. D. 1920, at the city of Alexandria in the County of Douglas, being then and there dealers, did wrongfully, wilfully and unlawfully offer for sale and sell to one Andrew Haugen certain securities issued by The Alexandria Minnesota Oil Syndicate, of Alexandria, Minnesota, an unincorporated association, known and designated by said association as units, to-wit, three units, of the par value of one hundred dollars each, each of which said units entitles the owner thereof to an undivided beneficial interest in and to the property and assets of said association and in and to the profits resulting from the operation thereof (such unit being registered in the books of said association in the name of the owner thereof) to participate in the management and control of the business and affairs of said association by casting one vote at any meeting of the unit holders of said association upon any question coming before such meeting; said offer and sale so made as aforesaid being then and there made in the course of continued and successive transactions of a similar nature; the said The Alexandria Minnesota Oil Syndicate then and there being an investment company, the said P. A. Summerland, said Henry A. Schaefer, said Andrew A. Urness and the said The Alexandria Minnesota Oil

Syndicate, or any one of them, not being then and there licensed by the State Securities Commission of the State of Minnesota, to sell said securities within the State of Minnesota as required by law, contrary to the form of the statute in such case made and provided," etc.

The here material parts of the statute are: (A) Section 2 and subdivision (j) thereof which provides that the statute shall not apply to isolated or single transactions; (B) section 3, as amended, which, read in connection with section 4 in the first paragraph, prohibits an issuer of investment contracts from engaging in the business of selling or offering them for sale in the state unless licensed, and in the second paragraph prohibits any dealer from selling or offering for sale such securities, or professing the business of so selling or offering, within the state, unless the sale of such securities by the company or the dealer be licensed; (C) the closing paragraph of section 17 as amended.

In the second paragraph of section 3 of the original act (section 4 of the amendatory act), a dealer is defined to be any person, firm, copartnership, company, corporation or association, not the issuer, who shall, within the state, sell or offer for sale any of the stocks, bonds, investment contracts, or other securities, issued by an investment company; or who shall, by advertisement or otherwise, profess to engage in the business of selling or offering for sale such securities within the state. Then follows this language: "The term dealer shall not include an owner, not issuer, of such securities so owned by him when such sale is not made in the course of continued and successive transactions of a similar nature nor one who in a trust capacity created by law lawfully sells any securities embraced within such trust."

The closing paragraph of the original act (section 10 of the amendatory act) provides that in prosecutions under the act, any of the exceptions specified in sections 2, 3 and 6 shall constitute a matter of defense, and that it shall not be incumbent upon the state to allege or prove that the securities disposed of, or the acts complained of, do not come within any of such exceptions. It is urged on behalf of the prosecution that this latter provision makes it unnecessary to allege in the indictment the exceptions found in the definition of the term dealer in the second paragraph of section 3, i. e., that the defendants were not

issuers of the securities they sold, nor owners thereof, making the sale outside of a course of continued and successive transactions of a similar nature, nor one who in a trust capacity created by law lawfully sells any securities embraced within such trust. We find it unnecessary to decide whether the closing paragraph of section 17 as amended is sufficiently broad to exempt the pleader from alleging these negations, which seem to characterize the definition of dealer rather than to be a specification of securities sold or acts done. We content ourselves with saying that the language is not broad enough so that, where it appears on the face of the indictment that defendants were owners of the securities sold, it would be incumbent upon them as a matter of defense to establish that the sale was not made in the course of continued and successive transactions of a similar nature. If it appeared from the indictment that defendants were owners of what they sold, it would be necessary to allege and prove that the sale was made in the course of continued and successive transactions of a similar nature. If made without and not within such a course of business, the transaction would not be punishable. The express language of both this section and that of subdivision (j) evidences the legislative intent that no part of the statute shall apply to single or isolated transactions.

It is manifest that the pleader attempted to frame this indictment under the second paragraph of section 3, that is, against persons disposing of the thing offered for investment, rather than against the issuer thereof, for the "Oil Syndicate" was not indicted. It fairly appears from the whole indictment that the "Oil Syndicate" was an investment company issuing some sort of investment contracts within the meaning of the first paragraph of section 3. The so-called "units" are fairly within the definition of investment contracts as defined in State v. Gopher Tire & Rubber Co. 146 Minn. 52, 177 N. W. 937. This indictment then attempts to charge the defendants, as dealers, with disposing of the contracts issued by the "Oil Syndicate," when neither they nor the issuer were licensed so to do. It appears that defendants were not owners of the securities sold. This being the situation, sufficient facts should be set forth in the indictment to show that they were "dealers" within the meaning of the second paragraph of section 3. If

not chargeable as dealers they were not chargeable at all. Evidently the pleader considered the allegation, "said offer and sale so made as aforesaid being then and there made in the course of continued and successive transactions of a similar nature," sufficient to admit proof that defendants were dealers. Such an allegation might be sufficient for the purpose of bringing an owner into the class of dealers. It is not the meaning of the statute that a statement of such a conclusion may take the place of an allegation of facts sufficient to show that one not an owner or issuer is a dealer within the meaning of the second paragraph of section 3. If defendants were not owners, then the transactions could not have been of a similar nature in the sense used in the statute, for it is the element of ownership which gives them similarity. The pleading of such a conclusion is unavailing as a statement of facts, and leaves the indictment barren of any showing that defendants come within the definition of dealers. It is not alleged in what commodities they were dealers, and we hold that the alleging of a single transaction is not sufficient to show that they were dealers in investment securities within the meaning of the statute.

What has been said renders the indictment fatally defective in another particular. In State v. Gopher Tire & Rubber Co. supra, it was held that the offense of selling securities without a license is not committed where there is only a single or isolated sale, hence the indictment must go further in the way of alleging continuous acts or transactions. In our opinion this indictment does no more than to allege a single sale to Haugen. It cannot be held, as contended, that the prosecution may allege and prove a single sale and thereby shift the burden upon the defendant to establish as a defense that no other sales were made by them; the allegation and proof of a single or isolated transaction by one not a dealer in securities ipso facto remove the transaction from the operation of the statute. Further discussion is unnecessary.

The statement in the case of State v. Gopher Tire & Rubber Co. supra, that the indictment would not have been good had it stopped after charging a single sale must be qualified. As applied to a sale by an owner, not the issuer of the securities, the statement may be correct,

but not as to a sale made by a dealer in securities as defined by section 3, chapter 429, p. 637, Laws of 1917, as amended by section 4, chapter 105, p. 99, Laws of 1919.

The order overruling the demurrer is reversed and the cause remanded.

HALLAM, J. (dissenting).
I dissent. In my opinion the indictment is sufficient.

DIBELL, J. (dissenting).
I agree with Justice Hallam.