## STATE v. J. B. OGDEN.[1]

February 2, 1923.

No. 23,264.

**Instrument construed as investment contract.**

1. The owner of a leasehold of oil lands executed an instrument, called a "statement and purchase," wherein purchasers subscribing were to have certain units, the moneys derived to be used in development, and finally a corporation was to be organized in which the unit holders were to be proportionately interested, and in the profits of which they were to share proportionately. It is held that these instruments were investment contracts within Laws 1917, c. 429, as amended by Laws 1919, cc. 105, 257, and not contracts for the sale of undivided interests in land.

**Indictment for sales of investment contracts sufficient.**

2. An indictment charging that the defendant sold to a person named "and others certain investment contracts issued by him without first having obtained a license," he "being engaged in business within the state of Minnesota of selling investment contracts issued by him," sufficiently alleges a prohibited sale, and that such sale was

[1]Reported in 191 N. W. 916.

not an isolated or single transaction excepted from the penalty of the statute by Laws 1917, c. 429, § 2, as amended by Laws 1919, c. 105, §3; and the evidence sustains the allegation.

Defendant was indicted by the grand jury of Hennepin county charged with the crime of selling investment contracts without a license, tried in the district court for that county before Nye, J., who denied defendant's motion to dismiss the proceeding on the ground that the indictment did not state a cause of action, and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*H. M. Farnam* and *C. H. Slack*, for appellant.

*Clifford L. Hilton*, Attorney General, *Montreville J. Brown*, Assistant Attorney General, and *Floyd B. Olson*, County Attorney, for respondent.

DIBELL, J.

The defendant was convicted in Hennepin county of the crime of selling investment contracts without a license. He appeals from the judgment.

1. The instrument claimed to be an investment contract is styled "statement and purchase." It recites that the defendant subdivided a leasehold of an 80-acre tract of land in Big Horn county, Wyoming, into 4,800 equal, undivided units or fractional interests and is offering 3,000 for sale at $120,000; and that each purchaser purchased separately the number of units set opposite his name. This instrument was signed and acknowledged by the defendant. Following his acknowledgment was a statement, with indicated places for signatures of the purchasers and other data, as follows:

"The said Treasurer is bonded by Lion Bonding and Surety Company, to Forest Secor, President Fourth Avenue State Bank, Minneapolis, Minnesota, as obligee for the benefit of the undersigned.

Name:    Address:    Units:    Amt:    When Payable:

.................................................

.............................................."

The purchase was subject to the condition that all money paid was to go to the defendant, as treasurer, to be disbursed for obligations incurred or to be incurred in connection with the leasehold. This included the obligation on the defendant's part to clean out and connect with a pipe line three oil wells on the premises; and to drill six additional oil wells and connect with the pipe line. When all of the disbursements were paid the defendant was to render an account to the purchasers and account for moneys on hand. He was then to incorporate a company under the Arizona statute to hold the lease. Provision was made for a board of directors and an executive committee, and for the method of representation. The company was to have power to operate all of the wells, and from the net amounts derived therefrom the owners of the units were to be paid their respective proportions. The defendant agreed to make sufficient assignments of a five-eights interest in the leasehold.

These are the substantial provisions of the instrument designated "statement and purchase." It differs, of course, from other contracts which we have had before us, but it is an investment contract within State v. Gopher T. R. & Co. 146 Minn. 52, 177 N. W. 937; State v. Summerland, 150 Minn. 266, 185 N. W. 255; and State v. Evans, 154 Minn. 95, 191 N. W. 425. The purpose was not to convey undivided interests in the land. The purchasers did not intend to become freeholders or landowners. The intent was that the five-eighths interest in the leasehold was to go to a corporation thereafter to be organized. The defendant agreed to do certain things proper to be done to effect this result. Finally, the unit holders were to participate in profits in proportion to their holdings and were to be interested in the same proportion in the corporation holding the title and operating. The arrangement was legitimate, so far as appears, and convenient enough. The paternalistic purpose of the statute is to prevent offering to the public, not land

contracts, but investment contracts, evidencing a right to participate in the proceeds of a venture, without the commission first ascertaining whether there is behind the venture something so tangible that a sound policy of regulation permits exposing the investing public to them. This is an investment contract within the statute. It is one to which the requirement of a license applies.

2. It is alleged in the indictment that on April 15, 1920, a sale was made by the defendant of these contracts, issued by him, to one McMichael "and others," without having obtained a license, the said defendant "being engaged in business within the state of Minnesota of selling investment contracts issued by him." The indictment sufficiently alleges a prohibited sale, and sufficiently negatives an isolated or single transaction which is excepted from the operation of the statute by Laws 1919, p. 101, c. 105, § 3, amending Laws 1917, p. 636, c. 429, § 2; and the proof sufficiently shows that the sale was a prohibited one not an isolated or single transaction, but one of many constituting a general business conducted by the defendant who was the owner and issuer.

Order affirmed.