## STATE v. P. A. SUMMERLAND.[1]

May 18, 1923.

No. 23,343.

**Quashing duplicate indictments not necessary when charge is the same.**
    1. The fact that the defendant in a criminal action is charged with the same offense in two or more indictments does not entitle him to an order setting aside all the indictments.

**Indictment for violation of Blue Sky Law sufficient.**
    2. The language of an indictment charging defendant with selling securities as the agent of the issuer, without having the license required by the Blue Sky Law of this state, sufficiently negatived authorization by the securities commission to make such sales.

**But one offense stated in indictment.**
    3. An indictment charging a sale of securities to A., made in the course of like transactions wherein like securities were sold to B. and C., states but one offense, namely, a sale to A. upon which the state must rely for a conviction.

Six indictments were returned against defendant by the grand jury of Douglas county charging him with the offense of selling and offering for sale securities without a license. Defendant's demurrers to the indictments were overruled and his motions to quash the in-

[1]Reported in 193 N. W. 699.

dictments denied, Roeser, J., and the case certified to the supreme court. Affirmed.

*A. M. Cary* and *K. L. Hjort*, for appellant.

*Clifford L. Hilton*, Attorney General, *Montreville J. Brown*, Assistant Attorney General, and *Constant Larson*, County Attorney, for respondent.

LEES, C.

Six indictments were returned against the defendant, charging him with violations of the so-called Blue Sky Law, chapter 429, p. 635, Laws 1917, as amended by chapter 105, p. 99, Laws 1919. Three of these indictments alleged that, without having the license required by the statute, defendant sold securities as a dealer, and three that, without such license, he made sales as the agent of the issuer of the securities. On being arraigned, defendant moved that each indictment be set aside for the reason that in all of them he was charged with the same offense. The motion was denied and he then demurred to each indictment on two grounds: The first, that he was charged with more than one offense; and the second, that the facts stated did not constitute a public offense. The demurrers were overruled, and, at defendant's request, the questions of law presented by them and by the motion which preceded them were certified to this court. Defendant's counsel, in opening their argument, say:

"The questions certified by the trial court to this court raise one principal question for determination: Do the offenses charged in each of the six separate indictments constitute one and the same offense and are they incidents of a continuous transaction and for that reason will only one indictment lie covering all the acts complained of previous to the finding of the last indictment?"

They assert that the question must be answered in the affirmative. If this be true, it does not follow that the motion to set aside the indictments should have been granted.

The fact that the defendant in a criminal action is charged with the same offense in two or more indictments is not specified in sec-

tion 9180, G. S. 1913, as one of the grounds for setting the indict-emnts aside. State v. Gut, 13 Minn. 315 (341). This may not be a conclusive reason for denying a motion to set them aside, for we have held that the statutory grounds are not the only ones upon which such a motion may be based. State v. Ernster, 147 Minn. 81, 179 N. W. 640; State v. Artz, 154 Minn. 290, 191 N. W. 605. Such a motion is in the nature of a plea in abatement. Our statute makes no provision for such a plea, but it has been intimated that the motion takes its place under our system of practice. State v. Brecht, 41 Minn. 50, 42 N. W. 602. At common law the pendency of an indictment was not a ground for a plea in abatement to another indictment in the same court for the same cause. 16 C. J. 406. The rule was that an indictemnt under which defendant had been tried and upon which judgment had been pronounced could be made the basis of a plea in bar to other indictments charging the same offense, but nothing short of a conviction or acquittal would support such a plea. Commonwealth v. Drew, 3 Cush. (Mass.) 279; Smith v. Com. 104 Pa. St. 339; Dutton v. State, 5 Ind. 533. Neither the statute nor the common law gave defendant the right to have the indictments quashed, and hence his motion was properly denied.

Were the demurrers well taken? With respect to those charging defendant with the sale of securities as the agent of the issuer, it is argued that they allege not only that he was the authorized agent of the issuer but that he was authorized to sell the securities. We find no warrant in the text of the indictments for this contention. It cannot be construed to mean that defendant had been authorized by the commission to sell the securities in question. The word "authorized" clearly refers to defendant's authority from his principal and to nothing more.

In State v. Gopher Tire & Rubber Co. 146 Minn. 52, 177 N. W. 937, it was held that an indictment charging an unlicensed issuer of securities with selling them to six different persons was not bad for duplicity. Whether each sale constituted a separate offense was not decided, but it was said that each was an incident of one continuous transaction, namely, the sale of securities without a license. It was also said that the indictment would not have been good if

it had not alleged more than one sale, but in State v. Summerland, 150 Minn. 266, 185 N. W. 255, the application of the last statement was limited to sales by an owner, not the issuer of the securities offered or sold, and it was said that insofar as it referred to dealers, as that term is defined in the statute (section 3, chapter 429, p. 637, Laws 1917, as amended by section 4, chapter 105, p. 101, Laws 1919), the statement was not correct. It was held in the case last cited that the indictment there under consideration fell short of stating facts sufficient to show that defendant was a dealer and that an allegation of a single sale by one not a dealer was not enough to show a violation of the statute. In State v. Evans, 154 Minn. 95, 191 N. W. 425, the defendants, who had no license from the commission, were charged with selling an investment contract issued by the U. S. I. Realty Co. to Homer L. Clary. It was alleged that the sale was not a single or isolated transaction but one made in the course of continued and successive transactions of a similar nature in which sales had been made to 13 other persons named in the indictment. A demurrer was interposed and overruled and questions were certified for determination by this court. One of them was whether the indictment stated facts sufficient to constitute a public offense. We held that it did, the contention made in the instant case not being specifically urged. In State v. Ogden, 154 Minn. 425, 191 N. W. 916, the defendant, who had no license from the commission, was charged with selling investment contracts he had issued. It was alleged that he had made a sale to one McMichael and to others who were not named and that he was engaged in the business,. within this state, of selling investment contracts he himself had issued. We held that the indictment sufficiently alleged a prohibited sale and sufficiently negatived an isolated or single transaction.

The indictments now before us allege a general offering of securities by one who was not the owner or issuer of them, and separate sales to different individuals. We said in State v. Gopher Tire & Rubber Co. supra., that if a defendant is likely to be embarrassed in making his defense by the joinder in one indictment of separate counts charging different offenses of the same class and grade and

subject to the same punishment, he may ask the court to compel the state to elect upon which count it will rely for a conviction. The three indictments charging defendant with making sales as a dealer must be examined separately. The first alleges a sale to A. in connection with sales to B. and C.; the second a sale to B. in connection with sales to A. and C.; and the third a sale to C. in connection with sales to A. and B. Under the first, the state must rely for a conviction upon the sale to A.; under the second, upon the sale to B., and under the third, upon the sale to C. The allegation of sales to persons other than the one first named in each indictment may have been superfluous in view of what was said at the end of the opinion in State v. Summerland, supra, but an indictment is not vitiated by surplusage. 2 Dunnell, Minn. Dig. § 4364. Viewing each indictment separately, it states facts which constitute a single offense. The same observations are applicable to the three indictments charging defendant with sales as the agent of the issuer of the securities. For the foregoing reasons, we hold that there was no ground for demurrer to the indictments.

Defendant suggests that we should hold that a conviction or acquittal under any one of the indictments will be a bar to a prosecution under the others because a continuing offense is charged, single and indivisible in its nature. The suggestion presents a question which can only arise after there has been a trial on one of the indictments and then only in case the state places defendant on trial under another indictment. For that reason it cannot be considered now.

The order denying the motion to quash the indictments and the order overruling the demurrers are affirmed.