## STATE v. FRED J. BUSHARD AND OTHERS.[1]

October 16, 1925.

No. 24,857.

**"Operator's agreement" is an investment contract under "blue sky" law.**

A contract, termed an "operator's agreement," whereby the operator advanced money, and furnished services for which he was to be paid, and whereby he was to have a share of profits, and eventually stock, in a corporation in process of organization to operate a bus line, was an investment contract within G. S. 1923, § 3977, et seq., the "blue sky" law.

See Licenses, 37 C. J. p. 275, § 168.

See notes in 15 A. L. R. 262; 24 A. L. R. 524; 27 A. L. R. 1169.

Upon information of the county attorney for Martin county defendant and another were charged with the crime of acting as agents of an investment company without being licensed. The demurrer of defendant Bondhus was overruled in the district court for that county by Dean, J., who certified the question whether the facts stated in the information constituted a public offense. Affirmed.

[1]Reported in 205 N. W. 370.

*Leo J. Seifert*, for appellant.

*Clifford L. Hilton*, Attorney General, *Ernest C. Carman*, Assistant Attorney General, and *John W. Lowell*, County Attorney, for respondent.

DIBELL, J.

The defendant Bushard demurred to an information charging him with the violation of G. S. 1923, § 3977, et seq., commonly called the "blue sky" law, in selling as agent an investment contract without a license. The demurrer was overruled and the question whether the facts stated constitute a public offense was certified for decision.

The information charges that the defendant, as agent of the Minneapolis-New Ulm-Sioux Falls lines, an organization in process of incorporation under the laws of South Dakota, sold to one Hines in the course of continued and successive transactions, an investment contract. This contract was designated an "operator's agreement," and the only question is whether it was an investment contract within the statute. The agreement recited that the operator, Hines, had advanced $1,000 as part payment on a motor bus, and had given his note for the balance. The bus and all busses bought for the company were to be put in operation over routes to be established by the company from Minneapolis to Sioux Falls. The company was to pay all further sums due on the bus, and maintenance and operating expenses, and hold the operator harmless from all liability connected therewith, and repay the advances made by him. He in turn agreed to operate the bus, or render such other services for the company as should be agreed upon, and was to receive a weekly minimum of guaranteed wages, his ratable share in one-fourth of the net profits on all the busses, the eventual return of his investment, commissions on ticket sales which he should make, and stock as subscribed, to be paid out of the company's earnings, and dividends thereon. It recited that he had signed a pre-organization subscription agreement for $3,000 of stock, and had given his notes therefor, the notes to be paid out of the earnings and dividends of the company, and when paid they were to be canceled and

delivered to him with the stock. There were further provisions not necessary to mention.

The operator was helping finance the organization. He was not merely a money lender. He was not working merely for wages. He was not a copartner. He was to participate in profits as the result of his investment, and eventually they were to be evidenced, by corporate stock. He invested with a view of making profit, and the "operator's agreement" was the contract. It was quite as much an investment contract as those involved in State v. Gopher Tire & Rubber Co. 146 Minn. 52, 177 N. W. 937, and State v. Evans, 154 Minn. 95, 191 N. W. 425, 27 A. L. R. 1165, the two leading cases, or the so-called "units" involved in State v. Summerland, 150 Minn. 266, 185 N. W. 255, or the "statement and purchase" giving certain "units" in oil lands, involved in State v. Ogden, 154 Minn. 425, 191 N. W. 916.

The question certified is answered in the affirmative, the order overruling the demurrer is affirmed, and the case is remanded for further proceedings.

Order affirmed.