# STATE v. E. O. NORDSTROM.[1]

## November 19, 1926.

## No. 25,747.

**What questions respecting Blue Sky Act of 1925 are left unanswered.**

1.   Whether L. 1925, c. 192, the "Blue Sky law," prohibits the sale of interests in oil, gas or mineral lands, and whether, if it does, it is unconstitutional because the subject is not expressed in the title, or for other constitutional reasons, is not determined.

**Information states a public offense.**

2.   The information is sufficiently definite and states a public offense.

**Act of 1925 not unconstitutional as class legislation or interfering with right of contract.**

3.   The statute is not unconstitutional within the provisions of the state or Federal Constitutions as class legislation or as interfering with the right of contract.

Constitutional Law, 12 C. J. p. 780 n. 98; p. 950 n. 19; p. 1160 n. 43.
Criminal Law, 17 C. J. p. 203 n. 85.
Indictments and Informations, 31 C. J. p. 881 n. 21.
Licenses, 37 C. J. p. 271 n. 53, 55; p. 279 n. 71.

See notes in 15 A. L. R. 262; 24 A. L. R. 523; 27 A. L. R. 1169; 30 A. L. R. 1331.
See note in L. R. A. 1917F, 514.

Defendant's demurrer to an information charging him with violation of L. 1925, c. 192, was overruled, Baker, J., and certain questions certified.   Remanded.

*Seth Lundquist,* for appellant.

*Clifford L. Hilton,* Attorney General, *Ernest C. Carman,* Assistant Attorney General, and *Theodor S. Slen,* County Attorney, for respondent.

[1]Reported in 210 N. W. 1001.

DIBELL, J.

An information was filed by the county attorney of Lac Qui Parle charging the defendant with violation of L. 1925, p. 197, c. 192, the "Blue Sky" law. The court overruled the defendant's demurrer to the information and certified certain questions.

The title of chapter 192 is as follows:

"An act to prevent fraud in the sale of securities within the State of Minnesota by regulating the offer for sale and sale thereof, by requiring registration of such securities and licensing of persons selling or offering securities for sale, by perpetuating the state securities commission and empowering and requiring it to administer and enforce this act, by providing penalties for violation thereof, and by repealing other laws and parts of laws relating to the same subject matter or inconsistent with the provisions of this act."

Section 1 (3) defines security as follows:

" 'Security' shall mean and include any stock, share, bond, note, debenture, commercial paper, evidence of indebtedness, investment contract, interest in or under a profit sharing or participating agreement or scheme, any interest in or under any oil, gas or mining property, or in any property represented to contain or be a prospect for oil, gas or minerals, beneficial interest in a trust or pretended trust, or any interest in the capital, assets, property or profits of any person. Any interest in any security shall be deemed a security."

The information alleges that the defendant

"Unlawfully and wrongfully did offer for sale  *  *  *  a certain security issued and to be issued by the said E. O. Nordstrom  *  *  * that is to say, a certain interest in and to certain lands situate in the county of Carbon, state of Wyoming (a more particular description of which said interest and lands are to said county attorney unknown), which said lands were then and there by the said E. O. Nordstrom represented to contain and to be a prospect for oil and gas; the aforesaid security and interest then and there not being registered by the commission having supervision and control of the department of commerce  *  *  *  which said offer  *  *  *

was then and there made by the said E. O. Nordstrom in the course of repeated and successive offers for sale of like securities, in the course of which said repeated and successive offers for said sale said E. O. Nordstrom * * * did offer for sale like securities to each of the following named persons * * * and to each of sundry and divers other persons whose names are to said county attorney unknown."

1. It is unnecessary to decide whether the statute should be construed as prohibiting the sale of an estate in common in oil, gas or mineral lands, or whether if so construed it is constitutional either art. 4, § 27, of the Constitution requiring the subject of a statute to be expressed in its title, or the provisions of the Federal and state Constitutions protecting the individual in his right to contract. In any event, as our view is stated later, the statute is a proper regulation of the sale of securities and the information states a violation of it. The information does not present in a definite form the case of a sale of an individual interest in realty and we leave the question for consideration when a decision of it is necessary for the particular case. Questions 3, 4 and 7 are therefore not answered.

2. Though the information might have been more definite in its description of the offense and careful pleading would have made it so, it is still within the requirements of G. S. 1923, §§ 10639, 10641, and §§ 10647, 10648, stating the certainty required and providing that imperfections of form not prejudicing substantial rights shall not invalidate. The information sufficiently alleges that the defendant offered for sale a security of which we have found various forms prohibited by the statute. State v. Gopher T. & R. Co. 146 Minn. 52, 177 N. W. 937 (certificates promising share in profits in consideration of services); State v. Summerland, 150 Minn. 266, 185 N. W. 255 ("Units" entitling owner to beneficial interest); State v. Evans, 154 Minn. 95, 191 N. W. 425, 27 A. L. R. 1165 ("investment contract"); State v. Ogden, 154 Minn. 425, 191 N. W. 916 ("statement and purchase"); State v. Summerland, 155 Minn. 395, 193 N. W. 699; State v. Bushard, 164 Minn. 455, 205 N. W. 370 ("operator's

agreement"). And see 24 A. L. R. 530-535; 27 A. L. R. 1172-1175. What we have just said disposes of the query whether the information constitutes a public offense. We hold that it does.

3. Objection is made that the statute is class legislation, arbitrary and oppressive, unduly restrictive of the liberty of contract, and violative of article 1, § 2, of the state Constitution and of the Fourteenth Amendment of the Federal Constitution.

It is not class legislation. The legislature found that an evil existed in the sale of securities and undertook to correct it. That there were other evils not touched by it is unimportant. Central Lbr. Co. v. South Dakota, 226 U. S. 157, 33 Sup. Ct. 66, 57 L. ed. 164. Nor is it arbitrary or oppressive or of a character interfering with the fundamental right of the liberty of contract. The statute is one common to most states, paternalistic in character, intended to protect the unwary against the frauds of those engaged in selling securities which represent nothing substantial. Their policy is for the legislature. Their limits are not without bound, but clearly the statute under consideration is well within permissible limits. Hall v. Geiger-Jones Co. 242 U. S. 539, 37 Sup. Ct. 217, 61 L. ed. 480, L. R. A. 1917F, 514, Ann. Cas. 1917C, 643 (Statute of Ohio); Caldwell v. Sioux Falls Stock Yards Co. 242 U. S. 559, 37 Sup. Ct. 224, 61 L. ed. 493 (Statute of South Dakota); Merrick v. N. W. Halsey & Co. 242 U. S. 568, 37 Sup. Ct. 227, 61 L. ed. 498 (Michigan).

For the reasons stated questions 3, 4 and 7, referring to a sale of interests in land, are not answered. Questions 1 and 2, asking whether the complaint is sufficiently definite and states a public offense, are answered in the affirmative. Questions 5, 6, 8 and 9, which ask whether the statute is unconstitutional, are answered in the negative.

The trial court was right in overruling the demurrer and the case is remanded for further proceedings.

Remanded.