## STATE v. GEORGE A. CODE AND ANOTHER.[1]

November 22, 1929.

No. 27,740.

G. A. Youngquist, Attorney General, James E. Markham, Deputy Attorney General, Floyd B. Olson, County Attorney, and William G. Compton, Assistant County Attorney, for the state.

Robertson & Rerat, for defendants.

STONE, J.

Indicted for "the crime of selling unregistered interests in and under a profit sharing and participating agreement," defendants demurred. The demurrer was overruled and the case certified on the question whether the indictment charges a public offense.

The "profit sharing and participating agreement" set out in the indictment is as follows:

[1]Reported in 227 N. W. 652.

"Minneapolis, Minn., Oct. 5, 1928.

"No. 875
"$225.00

"Received of George H. Taylor $225.00 as a contribution to assist me in bringing to completion a metallurgical discovery which is destined to be of incalculable benefit to mankind in obtaining a better understanding of life.

"Geo. A. Code.

"This discovery has progressed to a point where Truth has clearly demonstrated that its main purpose is to advance the Kingdom of God on earth.

"When this discovery is put in operation it is proposed to place in a separate fund 51% of the net profits to be devoted to this branch of the work.

"It is also proposed that before actual operations are begun an organization shall be perfected to utilize this discovery, the control and management of the organization to be placed in the hands of a board of trustees, acting either by itself or through officers and various boards appointed by it.

"This board will assign to all those who have contributed either financially or otherwise to the success of the discovery such an undivided interest in the remaining 49% of the net profits as to them shall seem just and equitable.

"I hereby undertake to carry the above propositions into effect at the proper time and before the beginning of actual operations.

"Geo. A. Code."

By subd. 3 of § 1 of the blue sky law (L. 1925, p. 197, c. 192) a "security," within the meaning of the act, is declared to include any "interest in or under a profit sharing or participating agreement or scheme;" and "any interest in any security shall be deemed a security." The document which we have quoted and which the indictment charges was sold to Taylor "in the course of repeated and successive offers and sales of like interests" is an agreement. That it lacks the degree of definition and certainty necessary to make it a

contract does not prevent its being an agreement. On its face it is. Moreover, although it is not explicitly so charged in the indictment, it is plain, if the allegations of the indictment are true, that it was sold in furtherance of a "scheme" of the kind forbidden by the statute. It speaks in terms of "net profits" and promises the purchaser an interest therein. And "the placing of capital or laying out of money in a way intended to secure income or profit from its employment is an investment" within the meaning of the statute. State v. Gopher T. & R. Co. 146 Minn. 52, 53, 177 N. W. 937. An interest in an invention or in the profits expected therefrom is a "security" under this law. State v. Swenson, 172 Minn. 277, 215 N. W. 177, 54 A. L. A. 490. See also State v. Summerland, 150 Minn. 266, 185 N. W. 255; State v. Evans, 154 Minn. 95, 191 N. W. 425, 27 A. L. R. 1165; State v. Ogden, 154 Minn. 425, 191 N. W. 916; State v. Bushard, 164 Minn. 455, 205 N. W. 370; Kerst v. Nelson, 171 Minn. 191, 213 N. W. 904, 54 A. L. R. 495.

There is nothing in Hanneman v. Gratz, 170 Minn. 38, 42, 211 N. W. 961, 963, of assistance to defendants. That was a civil case wherein plaintiff was denied recovery. The decision, so far as we are presently concerned with it, was that "the blue sky law cannot be construed in such manner as to prohibit persons from associating for the purchase of lands or interests therein as partners or otherwise." Neither is there anything in Planters Warehouse Co. v. Sentelle, 148 Tenn. 353, 357, 255 S. W. 589, 590, material to the present inquiry. The subscription there involved "was not a sale of stock by an investment company" as defined by the applicable statute of Tennessee. We are not concerned now with the definition of an investment company, and "security" is defined for us by statute so as to include the curious agreement with the sale of which defendants are charged.

The question certified is answered in the affirmative, and the order overruling the demurrer to the indictment must be affirmed.

So ordered.