PEOPLE *v.* SOWALL.

1. CONTRACTS—BLUE SKY LAW—PURPOSE.

Purpose of the blue sky law is to prevent an offering to the public of all forms of securities and investment contracts without first giving securities commission an opportunity to investigate the venture and determine whether sound public policy justifies permitting the promoters to offer for sale to the investing public, the kind and character of securities proposed, also to prevent exploitation of the public by unscrupulous salesmen (2 Comp. Laws 1929, § 9769 *et seq.*, as amended).

2. SAME—SALE OF BENEFICIAL INTEREST IN PROPERTY—ACCEPTANCE BY SECURITIES COMMISSION.

Agreement whereby seller agreed to transfer by assignment of an estate and title in and to an heir's interest or rights in certain estates for a consideration *held,* sale of a "beneficial interest in or title to property or profits" within meaning of blue sky law and to require acceptance for filing by the securities commission (2 Comp. Laws 1929, § 9770, subd. [c]).

3. STATUTES—CONSTITUTIONAL LAW—BLUE SKY LAW—STATEMENT OF OBJECT IN TITLE.

Title of blue sky law stating object of act was "to prevent fraud, deception and imposition in the issuance, sale or disposition of stocks, bonds and other securities" *held,* broad enough to include sale of "beneficial interest in or title to property or profits," since only the general object and not all the details and incidents of a statute need be indicated in the title to an act (Const. 1908, art. 5, § 21; 2 Comp. Laws 1929, § 9770, subd. [c]).

Appeal from Recorder's Court of Detroit; Van Zile (Donald), J. Submitted January 14, 1937. (Docket No. 121, Calendar No. 39,068.) Decided March 2, 1937.

Frank A. Sowall and James G. Ferrell were convicted of a violation of the blue sky law. Affirmed.

*Arnold F. Zeleznik,* for appellants.

*Raymond W. Starr,* Attorney General, *Duncan C. McCrea,* Prosecuting Attorney, and *Gerald K. O'Brien* and *William L. Brunner,* Assistant Prosecuting Attorneys, for the people.

Chandler, J.   Defendants were convicted of having sold certain securities, to-wit: "beneficial interest in or title to property" in violation of Act No. 220, Pub. Acts 1923, as amended (2 Comp. Laws 1929, § 9769 *et seq.*) said securities not having been accepted for filing by the Michigan securities commission as required by the provisions of said act.

The convictions rest upon sales made by the defendants to various individuals of fractional interests of purported heirs in "The New Harlem Patentees Estates" claimed to be under investigation by a corporation organized under the laws of California known as the "Heirs of the Patentees of the Town of New Harlem, Inc.," the sales in each instance being evidenced by a written agreement in substantially the following form:

"Know all men by these presents, that I, J. G. Ferrell, party of the first part, for the sum of $300, receipt of which is hereby acknowledged, does sell unto Harry E. & Josephine Abray, the party of the second part, all my right, estate and title in and to one-fourth of one heir's full interest or rights, in what is known as the New Harlem Patentees Estates.   The above $300 covers the securing the genealogy for the heir, the expenses of recovering all the records in connection with the New Harlem

Estate, the court costs, and also all costs connected with securing this interest for the party of the second part. Said Estates and land belonging thereto, lying within the boundaries of the City of Greater New York, on the Island of Manhattan, State of New York, are now being investigated by a corporation known as the Heirs of the Patentees of the Town of New Harlem, Inc., being incorporated under the laws of the State of California.

"The party of the second part, Harry E. & Josephine Abray, also agrees to pay monthly dues of 75¢ per month.

"I, J. G. Ferrell, party of the first part, for and in consideration of the above amount, have attended the Town Meeting held on July 20, 1932, and will attend such other meetings as are required and will also attend the court procedure if same is necessary, and in every other way possible look after the interest of the party of the second part.

"The party of the second part, it is hereby agreed, has purchased a one-fourth interest in the above mentioned estate of the heir named Mrs. Wilma Jewel (Ross) Drew who claims to be a blood descendant of Adolph Meyer, one of the Patentees of the Town of New Harlem, New York, and has a certified genealogy establishing this relationship.

"All moneys, if any, in the settlement of this action by the Town of New Harlem against the City of New York, and others, will be paid to the party of the second part by the party of the first part when same is paid by the court to the party of the first part.

"The party of the first part agrees at all times to keep the party of the second part fully advised as to the developments of the case, with reference to any information that at any time comes to the attention of the party of the first part.

"The several parties hereto shall not be bound by any statements, written or verbal, not hereinabove

specified and set forth. In witness whereof, the undersigned have set their hands and seals to this agreement this eighth day of September, 1933.

"F. A. SOWALL              J. G. FERRELL  (Seal)
    Witness.
"NELLIE F. BAUMAN,        HARRY E. ABRAY  (Seal)
    Witness.
"NELLIE F. BAUMAN,        · JOSEPHINE ABRAY  (Seal)"
    Witness.

Attached to each contract was a purported genealogical record of the heir mentioned therein.

The defendants contend:

1. That the contract in question is not a security within the meaning of section 2, subd. c, of said act (2 Comp. Laws 1929, § 9770), which subdivision (c) is as follows:

"The term 'security' or 'securities' shall include any note, stock, treasury stock, bond, debenture, evidence of indebtedness, pre-organization certificate or pre-organization subscription, transferable certificate of interest or participation, certificate of interest in a profit-sharing agreement, certificate of interest in an oil, gas, or mining lease, collateral trust certificate, any transferable share, investment contract, or beneficial interest in or title to property or profits, or any other instrument commonly known as security."

2. That even if the sale or contract comes within the meaning of said subdivision (c), the incorporation within the said paragraph of such an interest as a security is unconstitutional, for the reasons that the title of the act does not include, and is not broad enough to include, such a contract as a security.

We are of the opinion that the contracts in question constituted sales of a "beneficial interest in or title to property or profits," and the same not having been theretofore accepted for filing by the

commission, the defendants were properly convicted. To hold otherwise, we think, would be doing violence to the terms of said act, and would permit the unscrupulous to engage in the sale of securities that would not bear inspection by the commission, by providing in some ingenious manner to evade the very spirit and letter of the act.

It is the clear purpose of Act No. 220, Pub. Acts 1923, as amended (2 Comp. Laws 1929, § 9769 *et seq.*), to prevent an offering to the public of all forms of securities and investment contracts without first giving the commission an opportunity to investigate the venture, and determine whether sound policy justifies permitting the promoters to offer for sale to the investing public, the kind and character of securities proposed; also, to prevent exploitation of the public by the unscrupulous salesman.

In this case the defendants were engaged in selling "all my right, estate and title in and to one-fourth of one heir's full interest or rights in what is known as the New Harlem Patentees Estates. * * * Said Estates and land belonging thereto, lying within the boundaries of the City of Greater New York * * * are now being investigated by a corporation known as the Heirs of the Patentees of the Town of New Harlem, Inc." This was not a sale of land. The purpose was not to convey an undivided interest in land to the purchaser, but was a transfer by assignment of an estate and title in and to an heir's interest or rights in the New Harlem Patentees Estates. This assignment further provided that all money received by the defendant, Ferrell, in settlement of the action by the Town of New Harlem against the City of New York and others were to be paid to the purchaser when the same was paid by the court to him. He was to do certain things other than to turn over the money

received.  He was to attend court procedure if necessary, town meetings when required, and in every way possible look after the interests of the purchaser.  He was at all times to keep the purchaser fully advised as to the developments in the case.  In effect, he was to represent and act for the purchaser until the contemplated profits had been received in full, said profits representing beneficial interests in and title to property in the New Harlem Patentees Estates.

We are convinced that the agreements made by defendants with the purchasers are securities within the full meaning of Act No. 220, Pub. Acts 1923.

We have recently, in the case of *Freeze* v. *Smith,* 254 Mich. 386, given expression to our views of the legislative intent as to what constitutes "securities" within the meaning of the blue sky act.  Similar statutes have been construed by the courts of other jurisdictions.  *State* v. *Summerland,* 150 Minn. 266 (185 N. W. 255); *State* v. *Gopher Tire & Rubber Co.,* 146 Minn. 52 (177 N. W. 937).

The contention that the act is unconstitutional is without merit.*  A similar objection was made in *Merrick* v. *N. W. Halsey & Co.,* 242 U. S. 568 (37 Sup. Ct. 227), wherein the constitutionality of the legislation was upheld.  Only the general object and not all the details and incidents of a statute need be indicated in the title.  *People, ex rel. Attorney General,* v. *Bradley,* 36 Mich. 447; *Loomis* v. *Rogers,* 197 Mich. 265; *People* v. *Wohlford,* 226 Mich. 166; *State Mutual Rodded Fire Ins. Co.* v. *Foster,* 267 Mich. 118.

The conviction is affirmed.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.

---

* See Const. 1908, art. 5, § 21.—Reporter.