**SHEPARD v. CITY CO. OF NEW YORK, Inc.**

District Court, D. Minnesota, Third Division. Sept. 30, 1938.

O'Brien, Horn & Stringer, of St. Paul, Minn., for plaintiff.

Doherty, Rumble, Butler, Sullivan & Mitchell, of St. Paul, Minn., for defendant.

BELL, District Judge.

This is an action to recover the purchase price of corporate stock sold to the plaintiff by the defendant. The defendant, on seven different occasions from December 6, 1928, to November 13, 1930, sold to the plaintiff shares of the capital stock of The National City Bank of New York to-

gether with a proportionate beneficial interest in the capital stock of the defendant. The sales aggregated 640 shares and a total consideration of $194,328 was paid. These sales were all made more than six years prior to August 9, 1937, the date when this action was commenced.

Each sale of the shares of the capital stock of the National City Bank, with a proportionate beneficial interest in the capital stock of the defendant, was a unit transaction and the respective stock certificates evidenced the number of shares issued to the purchaser in both the National City Bank and the National City Company. Thus the sales of the stock of the defendant were linked with the sales of the stock of the bank.

These sales were made in the state of Minnesota and the stock was not registered under the Blue Sky Law (Sections 3996-4 to 3996-22, Mason's Minnesota Statutes 1927). The plaintiff at the times he made the purchases did not know the stock had not been registered according to law, and did not discover it until March 1, 1937. The plaintiff assumed that the stock was registered and made no inquiry about it. The defendant did not divulge that fact.

The defendant was licensed to transact business in the State of Minnesota in 1917, at which time it filed its articles of incorporation and appointed an agent for service of process. In August, 1934, it withdrew, revoked the agency for service purposes, and appointed the Secretary of State as the "agent of said withdrawing corporation for service of legal process and other notices upon it in any action or proceeding of any nature or kind arising out of or involving anything done or omitted by said foreign corporation in this state while licensed to do business here," as required by Section 7494, Mason's Minnesota Statutes 1927.

The defendant applied for and received a broker's license from the Blue Sky Commission in 1926 and filed a power of attorney appointing "the chairman of the commission attorney for the service of process in any action or proceeding against such person or in which such person may be a party, in relation to or involving any transaction covered by" the Securities Act. The appointment was irrevocable and was for one year. It was renewed from year to year and kept in effect until June 12, 1934, when on application of the defendant

it was terminated by order of the Commission. The defendant in June, 1934, closed its offices and ceased to transact business in Minnesota. It made application for dissolution under the laws of New York and was dissolved in June, 1934.

The defendant has interposed the bar of the statute of limitations and affirmatively has alleged ratification, laches and estoppel. The plaintiff contends the limitation period did not begin until March 1, 1937, the date when the plaintiff first discovered that the stock was not registered; and that, even if it began when the sales were made, the statute was tolled by the withdrawal of the defendant from the state on August 23, 1934. Therefore, the first question is on the bar of the statute and that question involves the nature of the cause of action.

█ The Blue Sky Law of Minnesota provides that "no securities shall be sold within the State of Minnesota unless or until such securities have been registered as herein provided." (3996-4) A sale of corporate stock that is not registered in accordance with the statutes is illegal and the consideration paid therefor can be recovered by the purchaser. Vercellini v. U. S. I. Realty Company, 158 Minn. 72, 196 N.W. 672; Webster v. U. S. I. Realty Company, 170 Minn. 360, 212 N.W. 806; Drees v. Minnesota Petroleum Company, 189 Minn. 608, 250 N.W. 563; David E. Baker v. National City Company, decided by Judge Joyce of this court April 22, 1937, not reported. The court in these cases characterized such sales as void. The purpose of the law is stated in the Webster Case, as follows [page 807]: "* * * The purchaser was not a party to the violation of the statute. He is not in pari delicto with the seller. The statute was intended to protect one class of people against the imposition of another class. The basis of this rule is that no one shall be allowed to enrich himself at the expense of another through his own wrongful act." (Citing authorities)

The language of the court in the Minnesota cases has not always been consistent. In Edson v. O'Connell, 190 Minn. 444, 252 N.W. 217, the court said [page 218]: "the sale is not as to him [the purchaser] void, but voidable," although the court followed with the statement that the purchaser could recover "without first offering to rescind or return the stock, as held in the Drees Case." Regardless of whether the sale of unregistered stock be termed void or voidable, it is settled in Minnesota that the purchaser can recover the consideration.

However, it is necessary to determine the character of the action in order to ascertain the applicable section of the statute of limitations. Section 9191 provides:

"The following actions shall be commenced within six years:

"1. Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed.

"2. Upon a liability created by statute, other than those arising upon a penalty or forfeiture. * * *

"6. For relief on the ground of fraud, in which case the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud."

█ The Minnesota decisions above cited clearly indicate that the action is not on a contract, express or implied, or on a liability created by statute. The court in the Vercellini Case said: "No transaction in violation of law can be made the foundation of a valid contract." The court in the Webster Case said: "The basis of this rule is that no one shall be allowed to enrich himself at the expense of another through his own wrongful act." The court in the Drees Case said [page 565]: "The action is not one in quasi contract for recovery of money had and received by the corporation on an implied promise to repay, but for recovery on the ground of tort." See, also, Tipton v. Atchison, Topeka & Santa Fe Railway Company, 298 U.S. 141, 56 S.Ct. 715, 80 L.Ed. 1091, 104 A.L.R. 831; Metropolitan Railroad Company v. District of Columbia, 132 U.S. 1, 10 S.Ct. 19, 33 L.Ed. 231; Hertz Drivurself Stations, Inc., v. Ritter, 9 Cir., 91 F.2d 539; Durham v. Firestone Tire & Rubber Company, 47 Ariz. 280, 55 P.2d 648.

The action is in tort according to the Supreme Court of Minnesota. The basis of the tort is fraud. The fraud consisted of sales of corporate stock to the plaintiff without divulging to him that it was not registered as required by the Minnesota law. The defendant violated the law, and that was sufficient to entitle the plaintiff to recover even though no express representations were made by the defendant with

intent to defraud. The courts repeatedly have said that the seller and buyer of securities are not in pari delicto. The seller is presumed to know the character of his goods; and if he chooses to sell them in violation of the law, let him beware. Securities are issued to sell; too often they are designed unduly to attract. Myriads of buyers may be found, among the innocent and unsuspecting. The statute undertakes to protect those without from those with knowledge, to protect the weak from the strong, one of the chief functions of government. The effort of the state to exercise some degree of supervision over the activities of modern agencies of "high finance" certainly should not be discouraged by judicial interpretation. When an express provision of the law is violated, in a sale of securities subject to registration under the Blue Sky Law, the term "fraud" is an appropriate characterization of the disobedience.

The plaintiff contends that the fraud should be implied from the circumstances of the transaction and was actual fraud. The defendant contends that, if the term "fraud" may be used, it was purely constructive; and that the statute of limitations commenced to run at the time of the transaction and not at the time of discovery. In Blue Sky cases the period of limitation should be the same whether the fraud is actual or constructive. The character of the fraud will not justify one rule in one class and a different rule in another, class. In cases where there has been actual fraud, the statute allows six years from the discovery of the fraud to begin action; in cases where the fraud is implied from the circumstances of the situation, the period of limitation likewise should be six years from the discovery of the fraud. Substantially the same reasons exist in both classes of cases. Distinctions may be made but they do not justify a difference. The courts have held that the fundamental purpose of a Blue Sky Law is to prevent fraud. Zochrison v. Redemption Gold Corporation, 200 Minn. 383, 274 N.W. 536; Hall v. Geiger-Jones Company, 242 U.S. 539, 37 S.Ct. 217, 61 L.Ed. 480, L.R.A.1917F, 514, Ann.Cas.1917C, 643; Northwest Bancorporation v. Benson, D. C., 6 F.Supp. 704.

In actions based on fraud, whether in equity to rescind or at law for damages, the six year statute of limitations beginning with the discovery of the fraud has been applied. Humphrey v. Carpenter, 39 Minn. 115, 39 N.W. 67; Shave v. United States Fidelity & Guaranty Company, 199 Minn. 538, 272 N.W. 597. This rule has been applied where the fraud was constructive. Cock v. Van Etten, 12 Minn. 522, Gil. 431; Mower County v. Smith, 22 Minn. 97; Lewis v. Welch, 47 Minn. 193, 48 N.W. 608, 49 N.W. 665; Boss v. Silent Drama Syndicate, 82 Cal.App. 109, 255 P. 225; Durham v. Firestone Tire & Rubber Company, supra. In the Durham Case the court said [55 P.2d page 653]:

"It is true that there is no contention that in this case the California company deliberately intended to defraud defendant, all of the evidence showing that it believed in good faith that, under the circumstances, it was not required to comply with the Blue Sky Law. The fraud was legal or constructive, rather than actual. We have stated in Harrison v. Roark, 31 Ariz. 73, 250 P. 367, 369:

"'The principal difference between "actual" and "constructive" fraud is that in the first case there is an intent to induce another to part with property or surrender some legal right, while in the other, although the act may accomplish that purpose, there is no such intent on the part of the actor. The presence or absence of such an intent distinguishes "actual" from "constructive" or "legal" fraud.'

"We are of the opinion that the statute of limitations had not run as against defendant's cross-complaint."

The application of the six year statute of limitations beginning with the discovery of the fraud is not universal. In Norwood Trust Company v. Twenty-Four Federal Street Corporation, 3 N.E.2d 826, the Supreme Court of Massachusetts held that the statute of limitations in a Blue Sky case ran from the time of the sale and not of discovery; but Massachusetts follows the rule that a cause of action accrues at the time of the fraud and not at the time of discovery; moreover, that state holds, as recited in the Norwood Trust Company Case, that "the mere failure of a wrongdoer to disclose his wrongdoing, where no fiduciary relation exists, is not a fraudulent concealment of the cause of action. * * *" [Page 828.] Under this rule if the wrong is not discovered within six years, the wrong-doer escapes.

The statute of limitations in Kentucky, Wisconsin and Michigan expressly provides that the period shall begin at the time of the sale. The Legislature of Minnesota has prescribed the time when the limitation period begins in actions based on fraud; and the Supreme Court, in the decisions above cited, has interpreted the statute clearly and unambiguously. The Legislature has seen fit to give a defrauded party six years from the time of discovery to commence action and the Supreme Court has declared that the rule should be applied in cases either of actual or constructive fraud. This rule favors the injured party and not the wrong-doer.

It has been held in Blue Sky cases that the statute of limitations runs from the discovery of the fraud. Hertz Drivurself Stations, Inc., v. Ritter, supra; Durham v. Firestone Tire & Rubber Company, supra; Mary Pickford Company v. Bayly Brothers, Inc., Cal.App., 68 P.2d 239; Young v. Three for One Oil Royalties, Cal.App., 24 P.2d 894; Castle v. Acme Ice Cream Company, 101 Cal.App. 94, 281 P. 396; MacDonald v. Reich & Lievre, 100 Cal.App. 736, 281 P. 106; Gillespie v. Blood, 81 Utah 306, 17 P.2d 822; XIV Fletcher on Corporations, Section 6769.

At this time some familiar principles may be observed: The stock involved clearly was subject to registration under the Blue Sky Law. State v. Ogden, 154 Minn. 425, 191 N.W. 916; State v. Nordstrom, 169 Minn. 214, 210 N.W. 1001; Kerst v. Nelson, 171 Minn. 191, 213 N.W. 904, 54 A.L.R. 495; State v. Swenson, 172 Minn. 277, 215 N.W. 177, 54 A.L.R. 490. The defendant was presumed to know that the law required the stock to be registered. Durham v. Firestone Tire & Rubber Company, supra; Daniels v. Craiglow, 131 Kan. 500, 292 P. 771; Boss v. Silent Drama Syndicate, supra. These cases hold that the good faith of the seller is not material. The sale of stock not authorized by registration is a fraudulent representation of compliance with the law. Hertz Drivurself Stations, Inc., v. Ritter, supra; MacDonald v. Reich & Lievre, supra; Castle v. Acme Ice Cream Company, supra. The suppression of a material fact which one is bound in good faith to disclose may be equivalent to a false representation. Tyler v. Savage, 143 U.S. 79, 12 S.Ct. 340, 36 L.Ed. 82; Kershaw v. Julien, 10 Cir., 72 F.2d 528.

It is settled that under the common law a certificate of stock is a continuing representation by the corporation issuing it that the stock described is valid and genuine. XI Fletcher on Corporations, section 5168. Moreover, Section 8410, Mason's Minnesota Statutes 1927, provides:

"A person who for value negotiates or transfers a document of title by indorsement or delivery, including one who assigns for value a claim secured by a document of title unless a contrary intention appears, warrants:

"(a) That the document is genuine;

"(b) That he has a legal right to negotiate or transfer it.

"(c) That he has knowledge of no fact which would impair the validity or worth of the document. * * *"

Counsel for defendant, to sustain their contention that the statute began to run when the sale was made, rely on Burzinski v. Kinyon Investment Company, 192 Minn. 335, 256 N.W. 233. If this case is open to the construction placed on it by counsel, it is contrary to well established principles of law in Minnesota. The trial court found that the cause of action did not accrue within six years from the time of the transaction and that finding was sustained; but it should be noted that the court held that the securities involved were not subject to registration under the Blue Sky Law, and, furthermore, that there was no fraud. Moreover, the statute involved in that case did not require a registration of the securities but it did require that the dealer be licensed.

Attention has been directed to Olesen v. Retzlaff, 184 Minn. 624, 238 N.W. 12, 239 N.W. 672, 78 A.L.R. 891, where the court held that the statute of limitations commenced to run at the time of the transaction. This was an action against the directors of a bank for receiving deposits with knowledge of the bank's unsafe condition in violation of the statute. The grounds for the decision were concisely stated as follows [page 14]: "Section 10407 imposes a harsh liability upon bank directors. There is no such action as this at common law. A banker, if the statute is understood as it reads, must determine, when deposits are offered at his counter, between the last one which he may take and the first one which he must refuse. Courts enforce the statute as it is written;

but there is no policy which suggests that the statute of limitations, section 9191(6), be construed unnecessarily in favor of a depositor so as to permit an action to be brought as an action for relief on the ground of fraud, when there is no actual fraud, but only an offended state policy; and the ample term of six years be extended to the end of six years beyond discovery. See 37 C.J. p. 792, § 133; Id. p. 937, § 306 et seq. We hold that an action which is based alone on section 10407 is not an action to recover on the ground of fraud within section 9191(6)."

The doctrine of this case should not be applied in cases involving a violation of the Blue Sky Law.

The issues under consideration were not involved in Vogel v. Chase Securities Corporation, D. C., 19 F.Supp. 564.

■ The question has been presented as to whether the withdrawal of the defendant from the state in August, 1934, tolled the statute of limitations. In view of the fact that the court holds that the statute did not commence to run until March 1, 1937, the date when the plaintiff discovered that the stock had not been registered, the question of the tolling of the statute need not be decided.

The plea of ratification, laches and estoppel is not sustained by the record.

■ The defendant offered testimony to show that it had been advised by counsel that the law of Minnesota did not require registration of the stock. This testimony was received subject to the objection of the plaintiff. It was incompetent and irrelevant and has been disregarded.

After the trial was commenced and the case submitted, a motion was presented by the plaintiff to reopen the case for the introduction of certain testimony pertaining to the defendant's methods of transacting business and the character of the stock sold to the plaintiff by the defendant. The case was reopened and the testimony received subject to the objection of the defendant. This testimony has been disregarded in the consideration of the case; because, as this court views the situation, the testimony is immaterial. The admissibility of this testimony is not here decided.

The decision should be for the plaintiff and findings will be made accordingly.