# Commonwealth ex rel. Pennsylvania Securities Commission, Appellant, v. Consumers Research Consultants, Inc.

Argued March 19, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Stanley M. Greenberg,* Assistant Attorney General, with him *Frederic G. Antoun,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Marvin J. Apple,* for appellee.

OPINION BY MR. JUSTICE COHEN, April 21, 1964:

We approve the motives of the Pennsylvania Securities Commission and commend it in its attempt to restrain the activities of appellee Consumer Research Consultants, Inc. Appellee's activities clearly border on the fraudulent and are a studied attempt to fleece purchasers of a "Built-In-Vacuum System" by securing an unconscionable overcharge, which overcharge the purchaser is prevailed upon to believe can be recouped by returns he would receive from an advertising commission agreement. See *Norman v. World Wide Distributors, Inc.,* 202 Pa. Superior Ct. 53, 195 A. 2d 115 (1963). This agreement provides that one who buys and overpays for the appliance is retained by Consumer Research Consultants, Inc., the seller of the appliance, for a term of three years to make personal contacts, write letters and otherwise refer prospective customers to seller. For each such successful "lead" given to seller by the buyer, the buyer is to receive a sales commission of $100.

While we recognize that the broad objective of The Pennsylvania Securities Act is to protect the investing public, and that the defined classes of investments are to be liberally construed, nevertheless, the legislature has not included the type of relationship set forth in the advertising commission agreement within its definition of security.

The Pennsylvania Securities Act of June 24, 1939, P. L. 748, §2(a), as re-enacted July 10, 1941, P. L. 317, §2(a), 70 P.S. §32(a), defines "security" as follows: " 'Security.' The term 'security' means any bond, stock, collateral trust certificate, transferable share, investment contract, certificate under a voting trust agreement, treasury stock, note, debenture, certificate in or under a profit sharing or participation agreement, subscription or preorganization certificate, fractional undivided interest in oil, gas, or other mineral rights, evidence of indebtedness, certificate of deposit for a security, certificate or instrument representing or secured by an interest in the capital assets or property of any company, other instrument commonly known as a security, or certificate of interest or participation in, temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase, any of the foregoing."

It has been said that there should be no hard and fast rule by which to determine whether that which is offered to a purchaser is such a security as may or may not be sold without registration, since such a determination would act as a guidepost in the aid of the unscrupulous in circumventing the law. It is better to determine in each instance whether an offered security falls within or without the scope of the statute.

Here it is contended by the Commission that the advertising commission agreement comes within the definition of securities as either an "investment contract" or a "certificate in or under a profit sharing

or participation agreement." It is true that some vague authority may be found holding that where the so-called "booster agent" for the sale of goods is promised a *share in the profits,* the certificates issued are "investment contracts." See *State v. Bushard,* 164 Minn. 455, 205 N.W. 370 (1925) and *State v. Gopher Tire & Rubber Co.,* 146 Minn. 52, 177 N.W. 937 (1920). But here the "booster agent" is not promised a share in the profits of the seller but is given a *specific fee, regardless of profits, for his individual promotional efforts.* Thus it cannot be successfully urged that this "advertising commission agreement" becomes an investment contract. See *Securities and Exchange Commission v. W. J. Howey Company,* 328 U.S. 293 (1946), and cases collected in Annot., 85 L. Ed. 506 (1940) and Annot., 163 A.L.R. 1050 (1946). Therefore, we reluctantly determine that appellee's activities are not within the Pennsylvania Securities Commission's regulatory power and the court below properly dismissed the complaint.

Decree affirmed at appellee's cost.

Mr. Chief Justice BELL dissents.