LANSING DROP FORGE CO. *v.* AMERICAN STATE
SAVINGS BANK.

1. BANKS AND BANKING—INSOLVENCY—STATUTES—REORGANIZATION—
DEPOSITORS' AGREEMENT.
Under statute relating to reorganization of insolvent banks and
providing for hearing on agreement of depositors to plan of
reorganization, non-dissenting depositor may be treated by the
court as confessing approval and, therefore, be unable to set
aside assets for its special benefit (Act No. 8, § 65b, Pub. Acts
1932 [1st Ex. Sess.]).

2. JUDGMENT—RES JUDICATA—BANK REORGANIZATION—DEPOSITORS.
Judgment of court in proceeding on petition of banking commis-
sioner for approval of plan of reorganization of bank wherein
depositors were afforded opportunity to file and be heard on
objections thereto *held,* *res judicata* as to issues therein raised
so that failure to act could not operate as reservation of such
issues for collateral attack in action to recover deposit (Act
No. 8, § 65b, Pub. Acts 1932 [1st Ex. Sess.]).

3. BANKS AND BANKING—INSOLVENCY—DEPOSITORS—STATUTES.
Statute enacted to aid administration of receiverships of insol-
vent banks for best interests of all depositors therein and un-
der which action affecting deposit liability was taken in a then-
existing receivership *held,* to affect procedure of court exer-
cising jurisdiction over subject-matter in a proceeding *in rem,*
inclusive of power in behalf of common interests of creditors.

4. SAME—INTERESTS OF COMMERCIAL DEPOSITORS.
Interests and rights of commercial depositors in an insolvent
bank *held,* common in nature and subject to class treatment,
since they lose their individual personal nature upon insol-
vency.

5. SAME—DEPOSIT LIABILITY.
Except in case of legal right of preference the property of a
debtor bank is the common pledge of all the creditors and
where a common fund is involved courts will not usually per-
mit a small minority of those interested to defeat the wishes
of an overwhelming majority of their associates.

6. CONSTITUTIONAL LAW—STATUTES—BANK RECEIVERSHIPS—IMPAIR-
MENT OF OBLIGATION.

Statute, enacted during receivership of bank, which gave de-
positors opportunity to present objections to plan of reorgani-
zation and be heard thereon and provided for segregation of
assets for dissenting depositors *held,* not violative of consti-
tutional prohibition as to impairment of obligation of contract
since vested right of depositor to *pro rata* share in proceeds
of liquidation existing at time of appointment of receiver was
preserved though remedy was somewhat altered, nor was it a
deprivation of property without due process of law (U. S.
Const. art. 1, § 10, 14th Am., Mich. Const. 1908, art. 2, §§ 9,
16, Act No. 8, § 65b, Pub. Acts 1932 [1st Ex. Sess.]).

7. BANKS AND BANKING — INSOLVENCY — DEPOSITOR'S PRO RATA
SHARE OF ASSETS—IMPAIRMENT OF OBLIGATION—STATUTES.

Depositor in State bank which became insolvent and was placed
in receivership prior to enactment of Act No. 8, § 65b, Pub.
Acts 1932 (1st Ex. Sess.), *held,* entitled to *pro rata* share of
assets, and subsequent to its enactment, had right been timely
invoked, there could be no claim of impairment of vested right
arising out of contract (U. S. Const. art. 1, § 10, Mich. Const.
1908, art. 2, § 9).

8. SAME—CONSTITUTIONAL LAW—IMPAIRMENT OF OBLIGATION—IN-
SOLVENCY.

An unconstitutional impairment of obligation of contract to
depositor of insolvent State bank *held,* not affected by altering
remedy from right to *pro rata* share of residue on final dis-
tribution to judicial finding of present cash value of what that
share would be (U. S. Const. art. 1, § 10, Mich. Const. 1908,
art. 2, § 9).

9. SAME—STATUTES—DEPOSITORS—ELECTION OF REMEDIES.

After enactment of Act No. 8, § 65b, Pub. Acts 1932 (1st Ex.
Sess.), a depositor is put to its election to make written objec-
tion to plan of reorganization of an insolvent State bank or
accept court approval of depositors' agreement and rights
thereunder, which election may not be deferred after court
action in the premises.

Appeal from Ingham; Collingwood (Charles B.),
J. Submitted June 18, 1935. (Docket No. 100, Cal-
endar No. 38,453.) Decided October 11, 1935. Ap-
peal to Supreme Court of United States allowed
December 30, 1935. Appeal dismissed March 2,
1936.

Assumpsit by Lansing Drop Forge Company, a Michigan corporation, against American State Savings Bank for amount of commercial deposit. Rudolph E. Reichert, State banking commissioner, intervened. Judgment for plaintiff. Defendant appeals. Reversed, without a new trial.

*Cummins & Cummins,* for plaintiff.

*Foster & Cameron,* for defendant.

*Harry S. Toy,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for intervener.

WIEST, J. Defendant bank was insolvent and closed its doors December 21, 1931. At that time plaintiff had a commercial deposit of $17,479.43 in the bank. A receiver was duly appointed for the bank. In June, 1932, plaintiff filed a claim with the receiver for the amount of its deposit. This claim was allowed, but no dividends paid on it or on any other general claim. A plan of reorganization, known as "depositors' agreement," was drawn up, pursuant to Act No. 8, Pub. Acts 1932 (1st Ex. Sess.), and signatures of depositors, representing 92 per cent. of the bank's deposit liability were obtained thereto. We do not deem it necessary to set forth the details of the agreement. This agreement was duly approved by the State banking commissioner and, pursuant to his petition, the court, in which the receivership proceeding was pending, issued an order of publication, calling upon depositors to show cause, if any, on or before the date of hearing, why the agreement should not be approved.

Plaintiff did not file any written objection and the court, on March 13, 1933, approved the agreement and, on April 19, 1933, entered an order transferring the assets to the reorganized bank. When the bank closed it had 13,000 depositors.

November 13, 1934, plaintiff brought this action at law to recover the amount of its deposit, claiming the proceeding, under which reorganization was had, was void and in contravention of constitutional provisions. Upon trial before the court judgment was entered for plaintiff for the amount of its deposit.

Defendant claims (1) that plaintiff's failure to file written objection to the reorganization scheme was tantamount to acceptance of the terms of the agreement; (2) plaintiff is estopped to assert rights contrary to those set forth in the depositors' agreement; (3) that the court order, approving the reorganization of the bank, renders plaintiff's claim *res judicata;* (4) plaintiff is guilty of laches.

The statute, Act No. 8, Pub. Acts 1932 (1st Ex. Sess.), provides:

"SEC. 65b. * * * In the event any of the depositors of such bank files written objection to the approval of such plan and refuses to consent thereto, the court at such hearing may order set aside assets of each class of such bank, in such amounts and character as the court shall find to be just and equitable, which such assets so set aside shall be continued in the hands of the custodian * * * who, on the petition of the State banking commissioner, shall be appointed by the court as receiver of the assets so set aside, for the purpose of liquidating the same and payment of the claims of such objectors from the proceeds thereof, and shall duly qualify as such, and said court, upon such terms as may be just and equitable, shall authorize such receiver to liquidate any of such assets so set aside, for the purpose of discharging the liability of the bank toward such objectors, and said court shall further order that the remaining assets of such bank shall be discharged of the liability of the bank toward any such objectors."

The statute afforded plaintiff herein an opportunity to be heard in the judicial proceeding upon the depositors' agreement and, by written objection

thereto, have its remedy wholly apart therefrom. The court, without such objection, could treat the application for approval of the agreement as confessed by plaintiff herein, and, therefore, could not set aside assets for its special benefit.

Plaintiff was aware of the contemplated action looking toward reorganization under the statute and, if more than indifferent thereto, should have interposed objection at the time and place provided for such a registration of opposition and for action thereon, and for review thereof, if adverse, upon the issues presented in the suit at bar. Failure to so act could not operate in reservation of such issues for collateral attack of the jurisdiction exercised and the adjudication made.

Decision might well be so planted but the questions presented are of such public moment as to lead us to express opinion thereon.

The bank was insolvent and its affairs, inclusive of rights of creditors, were in the hands of the court appointing the receiver. The statute was enacted as an aid to the court in administering the estate of the insolvent bank for the best interests of all depositors. The interests and rights of commercial depositors were common in nature. The statute, under which action was had in this instance, was in the case of an insolvent bank under court receivership and, therefore, the procedure was in a court already exercising jurisdiction over the subject-matter in a proceeding *in rem,* inclusive of power in behalf of the common interests of creditors.

As said in *Timmons* v. *Peoples Trust Co.,* 114 W. Va. 618 (173 S. E. 79):

"Prior to the insolvency of a bank, the claim of an ordinary depositor is personal; but after insolvency, his claim becomes communal and is subject to class treatment. Except in case of legal right of prefer-

ence, 'the property of a debtor bank is the common pledge of all the creditors.' 3 Michie, Banks and Banking, § 61. Where a common fund is involved, courts will not usually permit a small minority of those interested to defeat the wishes of an overwhelming majority of their associates.''

What we have just mentioned distinguishes the case at bar from our holdings in *Beardsley* v. *St. Joseph Circuit Judge,* 266 Mich. 351, and *Shekell* v. *Ypsilanti Savings Bank,* 267 Mich. 114, and, besides, these cases did not involve the statute now under consideration.

But in behalf of plaintiff it is contended that commercial depositors had statutory vested right to share *pro rata* in the proceeds of liquidation at the time the receiver was appointed and such right could not be changed by subsequent law to compel it to accept, in lieu thereof, property, the value of which some judge might fix.

In *Eskew* v. *Buckhannon Bank,* 115 W. Va. 579 (177 S. E. 433), it was contended, as in the case at bar, that:

''His depositor contract with the bank has been impaired by legislation subsequently enacted that has vastly extended the scope of the banking commissioner's authority as it existed at the time of his deposit, that the banking commissioner had no such powers at the time that his deposit was made, and consequently that the exercise of powers subsequently conferred upon him cannot affect the status of his deposit.''

The court found the point without merit.

The statute purports non-impairment by specific segregation upon demand of the creditor, and cannot be held of less effect by possibility of error of judgment in court administration. Plaintiff was entitled to share *pro rata* with other like depositors

in the ultimate avails of the estate of the insolvent bank and if this right had been invoked in season and sequestration of adequate property had there could be no claim of impairment of vested right arising out of contract.

The statute in such particular involves alteration of the remedy and not impairment of contract rights.

As said in *Nagel* v. *Ghingher,* 166 Md. 231, 240 (171 Atl. 65, 92 A. L. R. 1315):

"In other words, what he would get in the event of a universal liquidation would be his share in the residue for distribution; and what he would obtain under the statute would be a judicial finding of what the present cash value of that share would be. The effect substantially is that the dissenting party is deprived of one remedy and given another of equal efficacy, adequacy, and benefit, because it is not to be assumed that the finding by the court of the present cash value of what a dissenting party's interest would be on the basis of a final liquidation of the banking institution would not be the fair and reasonable equivalent of the value of what would have been received in the event of an actual and complete judicial liquidation. The value is found in the first method by judicial conversion, and in the new method by judicial estimation. Therefore, there was no material change by the alteration of the remedy, and, consequently, the alteration does not impair the obligation of contract, even though the new remedy be less convenient or less prompt and speedy."

A note in 92 A. L. R. 1337, well expresses views applicable to the case at bar. It was there said:

"In comparatively recent years, statutes have been enacted in various States relating to the rights of dissenting stockholders, depositors, or other cred-

itors, upon reorganization, consolidation, or sale of the assets of insolvent or financially embarrassed banking institutions.  While these statutes differ to a large extent in many respects, it may be said that, generally speaking, they have the effect of binding minority nonassenting stockholders, depositors, or other unsecured creditors by an agreement for reopening or reorganization entered into by a large majority (in some instances from 75 to 85 per cent.), and approved by the State liquidating officer.  The minority are obliged either to accept the agreement and await the results under the new plan, or, as it is sometimes provided, they may be entitled to receive the liquidating value of their interests.  The attempt, in any event, is to compel acquiescence by a comparatively few dissenters, or at least prevent them from thwarting what appears to be for the best interests and in accord with the desires of the great majority.''

*Hiatt* v. *Peddy* (C. C. A.), 73 Fed. (2d) 235, involved consolidation of two national banks and rights of a nondissenting stockholder.  It was said:

''Dissent is the only method the law provides whereby a stockholder of a consolidating bank may avoid being bound by the plan of consolidation.  All other methods of withdrawal are precluded, not in so many words, but by necessary implication.  * * * In the plan of consolidation here alleged, Peddy was put to his election to dissent and take the value of his old stock or to accept for the old new stock of the consolidated bank.''

So in the case at bar plaintiff, by fair intendment of the statute, was put to its election to object in writing and have sequestration of assets or accept the court approval of the depositors' agreement and rights thereunder.  This election could not be deferred and exercised after court action in the premises.

Proceedings under and in accord with this statute cannot be held to have deprived plaintiff of property without due process of law, or void as a law impairing the obligation of contracts, in violation of constitutional provisions, Federal or State (U. S. Const. art. 1, § 10; 14th Am.; Mich. Const. 1908, art. 2, §§ 9, 16).

The statute is valid legislation, and the court was in error in awarding plaintiff judgment.

The judgment is reversed, without a new trial, and with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.