### EMERY *v.* SHINN.

CONSTITUTIONAL LAW—DIVISION OF POWERS—BANKS—INSOLVENCY— RECEIVERS—ASSESSMENTS.

Power to determine fact of insolvency of a bank and appoint a receiver in the winding up proceedings *held*, not so intrinsically a judicial function as to bar, under constitutional provision as to division of powers of government, emergency legislation conferring such power upon State banking commissioner, although collection of assessments, levied by receiver and not voluntarily paid is by way of action in court (Const. 1908, art. 4; Act No. 32, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933).

Appeal from Kent; Brown (William B.), J. Submitted October 29, 1936. (Docket No. 135, Calendar No. 39,254.) Decided December 9, 1936.

Assumpsit by John G. Emery, receiver of American Home Security Bank, against J. William Shinn

to recover a stock assessment. Summary judgment for plaintiff. Defendant appeals. Affirmed.

*John M. Dunham* (*Dunham & Sherk,* of counsel), for plaintiff.

*Peter A. Hartesvelt,* for defendant.

WIEST, J.   This suit was brought by the receiver of the American Home Security Bank, a Michigan corporation, to recover a stock assessment of 100 per cent., levied by the State banking commissioner upon his finding of insolvency of the bank, and made under claim of power conferred by Act No. 32, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933.   Defendant admitted all averments of fact in plaintiff's declaration but contended that, in point of law, the determination of necessity and the order for enforcement of the statutory liability was a court function and, under article 4 of the State Constitution (1908), making division of powers of government and prohibiting any person belonging to one department from exercising the power properly belonging to another, the power exercised could not be made executive or administrative.

On motion of plaintiff a summary judgment was entered against defendant and by appeal the mentioned points of law are presented.

The act of 1933 was emergency legislation of limited duration.   In purpose it established expeditious administrative procedure under which the State banking commissioner could appoint a receiver for an insolvent bank and call a ratable assessment upon its stockholders.   If such procedure is not violative of the mentioned constitutional provision then the judgment must be affirmed.

In *Robinson* v. *People's State Bank of Leslie,* 266 Mich. 178 (92 A. L. R. 1251), we touched upon the question of the power of the commissioner to appoint a receiver and adopted the view that it did not encroach on judicial power.

Much said in *Re Burger's Estate,* 276 Mich. 485, is enlightening upon the question here involved.

Defendant herein quotes the following from the *Robinson Case, supra.*

"To enforce the statutory liability of the stockholders, unless voluntarily paid by them, actions therefor in court must be brought. It will thus be seen that, when liquidation is sought, the court takes charge of the proceedings, directing the action of the receiver appointed by the commissioner."

The court prefaced this with reference to provisions in the emergency act, from which we now quote:

"In case the commissioner of the State banking department shall decide to wind up the affairs of any such bank or trust company, he may appoint a receiver, with the approval of the governor, who shall proceed to close up such bank or trust company, and enforce the statutory liability of the stockholders, as provided by law. * * * Such receiver, under the direction of the commissioner, shall take possession of the books, records, and assets of every description of such bank or trust company, collect all debts, dues and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such bank or trust company, on such terms as the court shall direct; and may, if necessary to pay the debts of such bank or trust company, enforce the statutory liability of the stockholders."

The determination by the commissioner of the fact of insolvency of a bank is the basis for appointing a receiver in the winding up proceedings and is administrative procedure 'under the act and, although formerly remitted by the statute to a court, is not so intrinsically a judicial function as to bar any other method.

Of course, the assessment is not self-executing and, unless voluntarily paid after call, its enforcement is by way of action to such end in court and, to that extent, the court acts in furtherance of the proceedings under which the receiver needs the aid of the court.

As emergency legislation we hold the act valid.

We find no error and the judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.