DETHMERS v. FACE.

1. EXECUTORS AND ADMINISTRATORS — BANK STOCKHOLDER'S STATU-
TORY LIABILITY—ACTION.
   Assessment of bank stockholder's statutory liability, made after
   stockholder's death, is enforceable against assets and funds in
   the hands of administrators *de bonis non cum testamento an-
   nexo* by action at law (3 Comp. Laws 1929, § 11945).

2. BANKS AND BANKING—ASSESSMENTS—REORGANIZATION—RECEIV-
ERS.
   Circuit court order ordering 100 per cent. assessment on stock
   and approving plan of reorganization of bank and attached
   depositors' agreement which provided that agreement was to
   be void if bank was not reorganized and payment by defend-
   ant estate in pursuance of such order *held*, ineffectual to dis-
   charge liability of the estate as a stockholder for balance it
   had not paid in cash to receiver of bank, appointed after di-
   rectors had decided not to complete steps toward reorganiza-
   tion (3 Comp. Laws 1929, § 11945; Act No. 8, Pub. Acts 1932
   [1st Ex. Sess.]).

   FEAD, C. J. and WIEST, J., dissenting.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted October 13, 1937. (Docket No. 123, Calendar
No. 39,634.) Decided December 15, 1937. Rehear-
ing denied February 25, 1938.

Assumpsit by R. P. Dethmers, receiver for Peoples
Savings Bank of Coopersville, Michigan, against
Dean S. Face and Gaius H. Neal, administrators
*de bonis non cum testamento annexo*, of the estate
of Frederick D. Smith, deceased, for assessment
levied on bank stock. Judgment for plaintiff. De-
fendants appeal. Affirmed.

*Lloyd E. Cooper,* for plaintiff.

*Dean S. Face,* for defendants.

BUSHNELL, J. This is an action in assumpsit, brought in September, 1936, by the receiver of a State bank against the administrators *de bonis non cum testamento annexo,* of the estate of Frederick D. Smith, deceased, for a claimed unpaid assessment levied on the stock of the bank under the authority of 3 Comp. Laws 1929, § 11945. The propriety of this procedure was established in *Re Graham's Estate,* 276 Mich. 321.

During his lifetime, Mr. Smith was the owner of 55 shares of the capital stock of the Peoples Savings Bank of Coopersville, and his estate subsequently acquired five additional shares, the 60 shares having a total par value of $6,000.

The bank suspended business on April 2, 1932, and a custodian was appointed. A petition for its reorganization was filed October 11, 1932, pursuant to the provisions of Act No. 8, Pub. Acts 1932 (1st Ex. Sess.). After notice to stockholders and a hearing on the petition, the circuit court for the county of Ottawa entered a reorganization order on December 6, 1932, approving the plan and the attached depositors' agreement, and ordering a 100 per cent. stock assessment in conformity thereto. The depositors' agreement, signed by Mrs. F. D. Smith on June 4, 1932, she then acting as executrix of her husband's will, contained four additional paragraphs not mentioned in the court's order, one of these provided that "100 per cent. of my deposits in said bank shall be accepted as payment upon my liability for assessment as a stockholder in said bank, any provision, agreement or condition contained in this instrument to the contrary notwithstanding."

The record is silent as to whether this additional matter in' the Smith agreement was subsequently approved by the circuit court, but this question is not raised by either party.

The Smith estate had funds on deposit at the bank amounting to $4,836, so that it was only required to pay the sum of $1,164, in order to secure a receipt from the bank's custodian ''in full payment and satisfaction'' of the $6,000 assessment on its stock. Mrs. Smith died on December 9, 1934. Paragraph 16 of the executed depositors' agreement reads:

''It is also understood and agreed that this agreement on my part is void unless signed by depositors representing 85 per cent. in amount of the legal deposits of said Peoples Savings Bank, or such percentage of said deposits as may be determined by the Michigan legislature during special session convened on March 29, 1932, not including deposits specifically exempted under paragraph 14 of this agreement, *and unless this bank is reorganized under the direction of the banking department of* the State of Michigan.''

The words we have italicized are of importance because the reorganization of the bank was never completed. On December 4, 1933, the directors of the bank, having decided that reorganization was inadvisable in view of the bank's condition as of November 24, 1933, asked the banking commissioner to appoint or petition for the appointment of a receiver to take charge of its affairs. This was done and, on May 8, 1934, the commissioner, with the approval of the governor, ordered a 100 per cent. assessment and directed the plaintiff receiver to enforce the statutory liability of the stockholders.

Plaintiff's bill of particulars claims an unpaid balance of the $6,000 assessment, amounting to

$4,836, less two depositors' dividends totaling $722, plus accrued interest of $499.78, or a net total of $4,613.78. The estate says that the circuit court order of December 6, 1932, was *res judicata* and that the custodian's receipt of January 20, 1933, was a full and complete discharge of the statutory stockholders' liability so far as the Smith estate was concerned.

The cause was submitted to the trial court, sitting without a jury. The court held that the second assessment made by the commissioner is "in accord with the spirit of the law," and, therefore, valid, and entered a judgment against defendants in the sum of $4,711.44.

It is unnecessary to enter into a lengthy discussion of the statute pertaining to the liability of stockholders, 3 Comp. Laws 1929, § 11945, or of the decisions cited by appellants, such as *Fors* v. *Thoman,* 267 Mich. 148; *Lansing Drop Forge Co.* v. *American State Savings Bank,* 273 Mich. 124 (104 A. L. R. 1199); *Attorney General* v. *Union Guardian Trust Co.,* 273 Mich. 554; *In re Burger's Estate,* 276 Mich. 485; and *Emery* v. *Shinn,* 278 Mich. 246, although we have considered their applicability to the facts involved.

The real and controlling proposition is that the depositors' agreement and the proceedings predicated thereon must be deemed nugatory under the statute (Act No. 8, Pub. Acts 1932 [1st Ex. Sess.]) and any payments made pursuant to such agreement were ineffectual to discharge the stockholders' liability under section 11945, because the reorganization of the bank was not actually consummated.

Whatever moneys the estate paid under the court's order have been credited upon its assessment and appellants have also received credit for the dividends paid by the receiver to the bank's depositors.

The judgment is affirmed, with costs to appellee.

North, Butzel, Sharpe, Potter, and Chandler, JJ., concurred with Bushnell, J.

Fead, C. J. (*dissenting*). Under a valid law, on regular proceedings instituted by the banking commissioner, the court made a valid order approving a plan of reorganization, levied an assessment on stockholders, declared it due and payable forthwith, and ordered its enforcement by the custodian. There having been no appeal from the order, the executrix paid the assessment and had receipt from the custodian in full payment and satisfaction of it. No claim is made that it was not paid in the manner authorized by the order of the court.

While, ordinarily, credit of bank deposits cannot be made upon an assessment, the court approved the plan which authorized such credit. Whether right or wrong the order of the court having jurisdiction was final.

By the judicial proceedings, any option of the parties to withdraw from the plan became withdrawn. It was merged into the court's order and all parties became bound thereby. The order constituted the legal reorganization. The reopening was another matter. I find no authority under the statute or elsewhere under which the banking commissioner, or directors of the bank, by action or nonaction, can change the order of the court or defeat rights accrued thereunder.

Judgment should be reversed, with costs.

Wiest, J., concurred with Fead, C. J.