VAN HOWE *v.* FREDERICK.

1. BANKS AND BANKING—ASSESSMENT ON STOCK—STATE BANKING COMMISSIONER.

> The State banking commissioner has the power to levy an assessment on bank stock under Act No. 32, § 6, Pub. Acts 1933, without court intervention.

2. SAME—RECEIVERS—APPOINTMENT.

> Under Act No. 32, § 6, Pub. Acts 1933, the receiver of a bank is appointed by the State banking commissioner with the approval of the governor and no court order need be obtained for such appointment.

3. SAME—RECEIVERS—STOCK ASSESSMENT—LEAVE OF COURT.

> Receiver of a bank who is appointed by the State banking commissioner with the approval of the governor under the authority conferred by Act No. 32, § 6, Pub. Acts 1933, need not obtain leave of court in order to sue to collect a bank stock assessment levied by the commissioner.

Appeal from Wayne; Nicol (Henry G.), J. Submitted August 1, 1938. (Docket No. 111, Calendar No. 40,056.) Decided October 3, 1938.

Action by Melvin Van Howe, as receiver of Garland State Bank, a Michigan corporation, against L. C. Frederick for sums due on bank stock assessment. Order dismissing suit. Plaintiff appeals. Order vacated and cause remanded.

*John E. Merrill,* for plaintiff.

NORTH, J. Plaintiff receiver brought an action against defendant Frederick, a stockholder of Garland State Bank, for the amount of a stock assessment levied by the State banking commissioner against Frederick. Defendant denied the indebtedness and moved to dismiss plaintiff's declaration for the reason that the action was not brought upon the "order of a court of record of competent jurisdiction," citing Act No. 32, § 6, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 12077-6, Stat. Ann. § 23.96), which reads in part:

"In case the commissioner of the State banking department shall decide to wind up the affairs of any such bank or trust company, he may appoint a receiver, with the approval of the governor, who shall proceed to close up such bank or trust company, and enforce the statutory liability of the stockholders, as provided by law. Such receiver shall give such bond and security as the commissioner shall require. Such receiver, under the direction of the commissioner, shall take possession of the books, records, and assets of every description of such bank or trust company, collect all debts, dues and claims belonging to it, and, upon the order of a court of record of competent jurisdiction, may sell or compound all bad or doubtful debts, and, on a like order, may sell all the real and personal property of such bank or trust company, on such terms as the court shall direct; and may, if necessary to pay the debts of such bank or trust company, enforce the statutory liability of the stockholders, and, from time to time, under the direction of the commissioner, may declare such dividends and take such other steps and proceedings, and do any and all acts deemed necessary or expedient to conserve the assets of such bank or trust company, and wind up the affairs of said bank or trust company and distribute its assets, with such powers as are provided by the general banking

or trust company law, as amended, as the case may be."

The trial judge determined that *Robinson* v. *Peoples Bank of Leslie,* 266 Mich. 178 (92 A. L. R. 1251), required the holding that the receiver's action was improperly brought, and he entered an order dismissing plaintiff's declaration. Plaintiff appeals from this order.

In the *Robinson Case, supra,* this court used language which appears to support the conclusion of the trial judge:

"To enforce the statutory liability of the stockholders, unless voluntarily paid by them, actions therefor in court must be brought. It will thus be seen that, when liquidation is sought, the court takes charge of the proceedings directing the action of the receiver appointed by the commissioner."

However, the quoted language was discussed in *Emery* v. *Shinn,* 278 Mich. 246, and the court concluded:

"Of course, the assessment is not self-executing and, unless voluntarily paid after call, its enforcement is by way of action to such end in court and *to that extent* the court acts in furtherance of the proceedings under which the receiver needs the aid of the court."

See, also, *Lawrence* v. *DeBoer,* 273 Mich. 172, in which the court said that "on plaintiff's appointment as receiver it became his duty to proceed to close up the bank and to enforce the statutory liability of the stockholders as provided by law."

In *McCaslin* v. *Albertson,* 279 Mich. 650, we held that the State banking commissioner has the power to levy an assessment under the provisions of Act

No. 32, § 6, Pub. Acts 1933, without court intervention. Under section 6 the receiver is appointed by the State banking commissioner with the approval of the governor, and no court order need be obtained for such appointment. This being true, there appears to be no reason to hold that the receiver must obtain leave of court in order to sue to collect an assessment, unless the statute expressly requires that such leave be secured. No such express requirement is stated in the statute, quoted *supra.*

The order of dismissal is vacated and the cause remanded for further proceedings. Costs to appellant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.