SUTHERLAND *v.* HOME SAVINGS BANK.

1. BANKS AND BANKING—COMMISSIONER'S CANCELLATION OF STOCK—
CONSTITUTIONAL LAW.

Action of State banking commissioner in assessing bank stock-
holder of closed bank and cancelling his stock upon failure to
pay assessment over a month thereafter, and reorganization of
bank, was authorized by statute and did not constitute a viola-
tion of the due process and impairment of obligation of con-
tract clauses of the Federal and State Constitutions nor does
the statute conferring such power on the commissioner con-
stitute an unauthorized delegation of judicial power to him
(U. S. Const. art. 1, § 10; Am. 14; Mich. Const. 1908, art. 2,
§§ 9, 16; Act No. 32, § 7, Pub. Acts 1933, as amended by Act
No. 95, Pub. Acts 1933).

2. SAME—OBJECT EXPRESSED IN TITLE OF ACT—CANCELLATION OF
STOCK—REORGANIZATION.

Provision in body of act that State banking commissioner might
cancel a bank stockholder's stock where he failed to pay his
assessment upon its reorganization *held,* such a necessary part
of whole plan of an act to protect depositors and other cred-
itors and to provide for the commissioner's reorganization of
banks under certain conditions as to be expected therein, hence
such provision may be said to be within the title to the act
as required by the Constitution (Const. 1908, art. 5, § 21; Act
No. 32, § 7, Pub. Acts 1933, as amended by Act No. 95, Pub.
Acts 1933).

3. STATUTES—TITLE OF AN ACT.

The title of an act need not serve as an index but is sufficient
if it fairly expresses the subject of the legislation and conveys
comprehension of its germane provisions.

4. SAME—TITLE—PURPOSE OF ACT.

The title to an enactment is required to be expressive of the
purpose and scope of the enactment and if a provision comes

fairly within and is reasonably a component part of the purpose expressed, the provision is not an interloper but a part of the enactment and so proper as to be expected therein.

5. BANKS AND BANKING—CANCELLATION OF STOCK—REORGANIZATION —SCOPE OF POWER.

Statutory power of State banking commissioner "to cancel, increase or decrease, and to issue or reissue the whole or any part of said stock of said bank" upon reorganization, does not restrict his power to action upon the capital structure but enables him to act upon a particular holding of stock (Act No. 32, § 7, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts 1933).

Appeal from Kalamazoo; Weimer (George V.), J. Submitted June 20, 1939. (Docket No. 33, Calendar No. 40,518.) Decided September 5, 1939.

Bill by Louis Sutherland against Home Savings Bank and others to declare proceedings to cancel stock null and void, to order issue of certificate showing plaintiff to be owner of stock, and to decree plaintiff owner of an aliquot part of assets of bank. Decree for defendant. Plaintiff appeals. Affirmed.

*Farrell & Paulson,* for plaintiff.

*Howard, Howard & Howard,* for defendant Home Savings Bank.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for State Banking Commissioner.

WIEST, J. Plaintiff owned 50 shares of stock of the par value of $5,000 of the Home Savings Bank of Kalamazoo. The bank was closed under the general proclamation of the governor in February, 1933. Stockholders were assessed 100 per cent. on their holdings. Under the provisions of Act No. 32, Pub. Acts 1933, as amended by Act No. 95, Pub. Acts

1933 (Comp. Laws Supp. 1935, § 12077–1 *et seq.*, Stat. Ann. § 23.91 *et seq.*), a reorganization was perfected and business thereunder opened in September, 1933. Plaintiff's assessment amounted to $5,000, of which he paid $1,000 and received stock to that amount in the reorganized bank. April 23, 1934, the banking commissioner notified plaintiff that if the assessment on his 40 shares was not paid, or satisfactory provision made for its payment within 30 days, the stock would be cancelled. Payment was not made and May 30, 1934, cancellation by the commissioner followed, without release from the assessment obligation. The commissioner acted under the provisions of the mentioned statute, section 7 of which authorized reorganization under his direction, with "right to cancel, increase or decrease, and to issue or reissue the whole or any part of said stock of said bank."

August 7, 1934, the deputy commissioner of banking directed the bank to call a meeting of the stockholders for the purpose of reducing the capital from $200,000 to the amount paid in by assessments. The meeting was called and held and by unanimous vote, inclusive of plaintiff's shares, voted by authorized proxy, such action taken.

January 11, 1938, plaintiff tendered the amount of the assessment on the 40 shares of cancelled stock and demanded a certificate for 40 shares of stock in the reorganized bank. Upon refusal he brought this suit on February 16, 1938, to have the court decree the cancellation void and defendants directed to issue him a certificate, "showing him to be the owner of that certain proportionate part of the net assets of the said bank and trust fund which the $4,000 paid by plaintiff as a stock assessment bears to the total paid-in capital of the said bank."

Upon hearing the court dismissed the bill. Plaintiff reviews by appeal, and contends that the action by the commissioner was not authorized by the statute and, if within the statute, violated the due process and contract provisions of the Federal and State Constitutions; * is an unauthorized delegation of judicial power to the commissioner, and the enactment, if it vests power to cancel an assessed holder's stock for failure to pay the stock assessment, is not within the title to the act and, therefore, void.†

Under the authority of *In re Burger's Estate*, 276 Mich. 485; *Emery* v. *Shinn*, 278 Mich. 246; *McCaslin* v. *Albertson*, 279 Mich. 650, and *Culp* v. *First Commercial Savings Bank of Constantine*, 288 Mich. 646, the only question open to plaintiff is that of the title of the act.

The title of the act reads:

"An act to protect depositors and other creditors of banks and trust companies; to supplement the laws of this State providing for the regulation of the business of banks and trust companies; to provide for the taking over of the management and/or reorganization or liquidation of banks and trust companies under certain conditions by the commissioner of the State banking department; to authorize the borrowing of money and pledging of the assets of banks and trust companies; to further prescribe and define the powers of the commissioner of the State banking department and the governor with reference thereto; to prescribe penalties for the violation of the provisions of this act; to declare the effect of this act; and to extend the provisions of this act to national banks and to banks owned by any individual person or any unincorporated association or individual persons under certain conditions."

* See U. S. Const. art. 1, § 10; Am. 14, § 1; Mich. Const. 1908, art. 2, §§ 9, 16.—REPORTER.

† See Const. 1908, art. 5, § 21.—REPORTER.

The provision in the body of the act authorizing cancellation is such a necessary part of the whole plan as to be expected therein.

In *Krench* v. *State of Michigan,* 277 Mich. 168, 175, we said:

"The title need not serve as an index; it is sufficient if it fairly expresses the subject of the legislation and conveys comprehension of its germane provisions," citing *Westgage* v. *Township of Adrian,* 161 Mich. 333.

See, also, *People* v. *Sowall,* 279 Mich. 261.

In *Re Lewis' Estate,* 287 Mich. 179, 183, we said:

"The title to an enactment is required to be expressive of the purpose and scope of the enactment. If the enactment comes fairly within and is reasonably a component part of the purpose expressed in the title it is not an interloper but a part thereof and so proper as to be expected therein."

The point urged is without merit.

Counsel for plaintiff also claims that the power "to cancel, increase or decrease, and to issue or reissue the whole or any part of said stock of said bank," refers to stock of the bank, meaning the capital structure, and not the stock of any individual stockholder and, therefore, the power of the banking commissioner was limited to cancellation in whole or in part of the capital stock of the bank and to issue in place thereof other stock, but not so to act on a particular holding of stock.

We do not find the language of the statute so restricted and to hold as contended by plaintiff would, in effect, destroy the manifest purpose of the act.

The assessment was a statutory liability, accompanying plaintiff's ownership of shares of stock, regardless of reorganization. If inability to meet the assessment or declination to do so is without conse-

quences, then, after reorganization and demonstrated success thereof, a delinquent might come in and have advantage as though he had helped create the situation in which he sought pecuniary participation.

The decree in the circuit court is affirmed, with costs to defendants.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.